## VANDIVERE ET AL. *v.* DOLLINS ET AL.

EVIDENCE.—*Hearsay.*—*Husband and Wife.*—Where the question was as to whether a certain sum of money delivered by a person to his son-in-law, for which the latter gave his note to the former, was a·loan to said son-in-law or an advancement to his wife, a daughter of the payee of the note, since deceased, a witness was allowed, over objection, to testify that, after the making of the note and receipt of the money by said son-in-law, the latter told the witness that when he got the money he took it right home and handed it to his wife and said, " there is your money." *Held,* that his evidence was hearsay, and not admissible as the declaration of an agent,' and that the judgment could not, in disregard of the error in its admission, be affirmed on other evidence.

From the Johnson Circuit Court.

*S. P. Oyler,* for appellants.

*G. M. Overstreet* and *A. B. Hunter,* for appellees.

DOWNEY, J.—This is a question arising in the distribution of the personal estate of Willis Dollins, deceased, among his heirs.   In his lifetime the deceased had sold some land, and let two of his adult children and two of his sons-in-law each have six hundred dollars of the money, taking from each of them a promissory note for the amount, payable twelve months after date, with interest.   One of these notes was executed by Peter Vandivere, one of the sons-in-law of the deceased.

The question in this case is whether the amount for which this note was given was an advancement to Malinda Vandivere, the wife of Peter Vandivere, and a daughter of the deceased, and whether the same should be deducted from the share of the estate as against her heirs in this case, she being dead.

There is evidence in the bill of exceptions tending to show that the amount was intended by the deceased as an advancement to the daughter, and other evidence in addition to the note tending to show that it was a loan to the son-in-law Vandivere.

On the trial of the cause, Winford Dollins, a witness for appellees, over the objection of the appellants, was permitted

to testify that sometime after the making of the note and receipt by him of the money, Peter Vandivere told her that when he got the money he took it right home and handed it to his wife and said, " there is your money." The objection to the evidence was, that it was hearsay, and not a statement or admission of any party to the suit.

We think the objection should have been sustained. Counsel for appellees submit that the declaration of Peter was admissible, on the ground that he was acting as the agent of his wife. We think not. It was not made in connection with any act of his as agent, but was by way of recital as to what had been previously done. *The Bellefontaine R. W. Co. v. Hunter*, 33 Ind. 335.

This case also decides another point in the case, made by the appellees, against them ; that is, that we can disregard this error and affirm the judgment on the other evidence.

The judgment is reversed, with costs, and the cause remanded for a new trial.